Michael R. Totaro (102229)
Totaro & Shanahan
P.O. Box 789
Pacific Palisades, CA 90272
310 573 0276 (v) 310 496 1260 (f)
Mtotaro@aol.com
Attorneys for the Debtor/Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

In re:

Sam Marquez and
Lisa Christine Marquez,

Debtors/Debtors in Possession.

) Case No. 2:11-BK-32776-RK
)
) Chapter 11
)
)
) PROPOSED SIXTH AMENDED
) CHAPTER 11 PLAN OF
) REORGANIZATION
)
) DATED: July 6, 2013
)
)
)
) Date: To be Set
) Time: 11:00 a.m.
) Ctrm: 1675 255 E Temple St. LA CA
)

This Proposed Sixth Amended Plan of Reorganization (the "Plan") under Chapter 11 of 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") provides for the restructuring of the debts of the above-named Debtor(s) (collectively "Debtor"). If confirmed, the Plan will bind all creditors provided for in the Plan, whether or not they file a proof of claim, accept the Plan, object to Confirmation, or have their claims allowed. All Creditors should refer to Articles I-IV of this Plan for the precise treatment of their claims. A disclosure statement (the "Disclosure Statement") that provides additional information is being served with this Plan. The Disclosure Statement is explanatory only; the

language used in the Plan is binding. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one.**

## Article I

## Treatment of Unclassified Claims

There are no claims in this section.

## Article II

## Classification and Treatment of Claims

**Class 1: Priority Claims.**

Debtor has no creditors in Class 1.

**Class 2: Secured Claims On Debtor's Principal Residence.**

**A. Unimpaired secured claims on Debtor's principal residence.**

These classes include claims secured solely by the Debtor's principal residence. All arrearages shall be paid on, or as soon as practicable after, the Effective Date unless the holder of the claim agrees to other terms. Regular payments shall be made as they come due based on their respective governing loan documents, and except with respect to curing the arrearages, the Plan does not alter the legal, equitable or contractual rights of the creditor. The Debtor shall maintain current payments and the Plan must not otherwise alter the legal, equitable or contractual rights of the creditors to which that claim entitles the holder of the claim.

These classes are unimpaired and not entitled to vote on the Plan.

**Class 2(a): Secured claim of:** JP Morgan Chase

    Property address or description of collateral:

    1264 W. 15th St. San Pedro, CA

    Priority of lien: Retained

    Total amount of allowed claim: $312,760.99

1     Amount of arrearages: $8,516.61

2     Regular monthly payment: $2,380.38

3     Arrearages will be paid over 60 months with interest beginning on the effective
4 date of the plan. . Pursuant to *In re Taddea*, 685 F.2d 24 (2nd Circ. 1982) and *In re*
5 *Lennington*, 288 B.R. 802 (Bkrtcy.C.D.Ill. 2003) Debtors are treating the arrearages as a
6 cure of default and therefore not an impairment of the original mortgage. For that reason
7 this class is being treated as unimpaired.

8

9     **B. Impaired secured claims on Debtor's principal residence.**

10     There are no claims in this class:

11 **Class 3: Unimpaired secured claims on property other than the Debtor's principal residence.**

12

13     This class includes claims secured by a lien on property other than the
14 Debtor's principal residence in which Debtor has an interest that is unimpaired under
15 the Plan. Debtor will cure any default that occurred before or after the petition date in
16 this case, reinstate the maturity of that claim as such maturity existed before the default,
17 maintain current payments, and not otherwise alter the legal, equitable or contractual
18 rights to which that claim entitles the holder of the claim. All arrearages shall be paid in
19 full on, or as soon as practicable after, the Effective Date, unless the holder of the claim
20 agrees to other terms. Regular payments made thereafter will be made when due under
21 the documents governing claim.

22     These classes are unimpaired and not entitled to vote on the Plan.

23     **Class 3(a): Secured claim of:** GE Money Bank

24     Property address or description of collateral:

25     KTm Motorcycle

26     Priority of lien: Retained

27     Total amount of allowed claim: $4082.00

28     Amount of arrearages: $0

    Regular monthly payment: $137.00

**Class 3(b): Secured claim of:** Starwood Vacations Owners

    Property address or description of collateral:

    Time Share

    Priority of lien: Retained

    Total amount of allowed claim: $7,245.00

    Amount of arrearages: $0

    Regular monthly payment: $232.06

**Class 4: Unimpaired secured claims on Collateral to be Surrendered by Debtor.**

    There are no claims in this class.

**Class 5: Impaired secured claims.**

    The following classes include claims secured by a lien on property other than the debtor's principal residence in which Debtor has an interest, other than the secured claims in Class 2 and the unimpaired secured claims in Classes 3 and 4.

    The secured portion of each class shall be paid as set forth below. Ongoing payments shall be made as they come due based on their respective governing loan documents (Regular Payments), or in modified payments as described below. The amount of the claim, if any, in excess of the secured claim is an unsecured claim in Class 6. However, if the holder of a secured claim makes a timely and valid §1111(b) election, the claim shall be treated as a secured claim notwithstanding § 506(a).

    The following chart lists Class 5 claims and their proposed treatment under the Plan:

**5(a)    Secured Claim of:**

| | |
|---|---|
| Name = **Bank of America, NA** | Monthly Payment = $963.59 |
| Collateral description = | Payments Begin = 9/1/2013 |

30425 Avenida Alvera, Cathedral City, CA

Priority of lien = <u>Retained</u>  
Payments End = 8/1/2043

Principal owed = $263,520.21  
Balloon Payment, if any = 0

Pre-petition arrearages = $22,211.71  
Interest Rate = 5%

Total claim (at petition date) = $285,731.92  
Total to be Paid: $346,892.40

Value of collateral (at <u>08/13/2012</u>= $179,500

Post-petition interest, etc., if any = $<u>0</u>

Allowed secured claim = $179,500

Regular maintenance payments = $800.43

    Debtors and the Lender have stipulated to the principal balance, rate and term. This claim is impaired as it reduces the principal balance and sets the interest rate at 5% fixed over 30 years. Lender will have a secured claim for $179,500 and an unsecured claim for $106,231.92 which will be paid pro-rata with the remaining unsecured claims. Taxes and insurance will be paid by debtor directly unless the Lender informs Debtors that it wants an impound account. Debtors would agree to that request...

**5(b)    <u>Secured Claim of</u>:**

Name = Los Angeles County  
Monthly Payment =$94.42

Collateral description =  
Payments Begin = 9/1/2013

12464 W. 15th St. San Pedro, CA

Priority of lien = <u>Retained</u>  
Payments End = 8/1/2018

Principal owed = $3,718.41  
Balloon Payment, if any = 0

Pre-petition arrearages = $3,718.41  
Interest Rate = 18%

Total claim (at petition date) = $3,718.41  
Total to be Paid: $5,349.08

Value of collateral (at12/15/2011= $130,000

Post-petition interest, etc., if any = $<u>0</u>

Allowed secured claim = $3,718.41

Case 2:11-bk-32776-RK    Doc 126    Filed 07/07/13    Entered 07/07/13 23:40:03    Desc
                         Main Document    Page 6 of 13

Regular maintenance payments = $94.42

This claim is impaired as it is paid out over 60 months rather than in full on the effective date.

If a secured creditor disputes the value of its collateral as stated above that secured creditor must timely file an objection to confirmation of the Plan, or the value stated by Debtor may be determined to be the value of the collateral. The objection must be accompanied by competent evidence of valuation. If the value of the collateral is disputed, the Court may schedule a separate hearing for determining value.

To the extent that certain creditor's claims are entitled to various amounts due, because defaults are not cured or paid in full on or before the Effective Date, those classes of creditors are impaired and entitled to vote on the plan. See Part 2 of the Disclosure Statement for instructions on voting.

**Class 6: General Unsecured Creditors.**

Other General Unsecured Creditors. This class includes all allowed unsecured claims not in Class 6(a) and not entitled to priority. Each member of Class 6(b) shall be paid 37.5% of its claim over 5 years in equal monthly installments, without interest, due on the first day of each calendar month, starting on the first such date after the Effective Date.

The 37.5% figure is computed as follows: Originally Debtors proposed to contribute 10% to the unsecured creditors based on the fact that they would have had substantial tax liability which would have consumed most, if not all, of their disposable income. Debtors are expecting tax refunds of approximately $42,000 which would be about 27.5% of the unsecured debt. Debtors are adding to this the original 10% that it offered previously to reach the total of 37.5%. The $42,000 will be paid on the effective date. Claims under $3,000 will be paid in full on the effective date. These claims total $6,588.95. The remaining $35,511.05 will also be paid on the effective date and the remaining creditors will receive a pro-rata share. The remaining 10% will be paid out

over 60 months. The total unsecured debt is $152,212.60. 37.5 of that is $57,079.72. Of the $57,079.72 Debtors will pay $42,000 on the effective date leaving a balance of $15,079.73 to be paid over 60 months at $251.33 a month.

This class is impaired and entitled to vote on confirmation of the Plan. For instructions on voting, see Part 2 of the Disclosure Statement.

Undisputed Class 6 claims, as of this date, are listed on Exhibit C to the Disclosure Statement.

## Article III

## Allowance and Disallowance of Claims

A. **Disputed Claim**. A disputed claim is a claim that has not been allowed or disallowed and as to which either: (i) a proof of claim has been filed or deemed filed and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed and the Debtor has scheduled such claim as disputed, contingent, unliquidated or unknown.

B. **Delayed Distribution on Disputed Claims**. No distribution will be made on account of that portion of a claim that is disputed unless that claim is allowed by final non-appealable order.

C. **Settlement of Disputed Claims**. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with FRBP 9019 unless the amount allowed by the compromise does not exceed $1,000.00, in which case no court approval is necessary.

## Article IV

## Executory Contracts and Unexpired Leases

A. **Executory Contracts and Leases Assumed**. The Debtor assumes the executory contracts and unexpired leases, enumerated in Exhibit E to the Disclosure Statement, effective upon the Effective Date, and shall perform all obligations thereunder, both pre-confirmation and post-confirmation. Any preconfirmation

arrearages shall be paid by the Effective Date, unless the parties agree otherwise or the court finds that a proposed payment schedule provides timely cure and adequate assurance of future performance. Post confirmation obligations will be paid as they come due.

B. **Executory Contracts and Leases Rejected**. The Debtor is conclusively deemed to have rejected all executory contracts and/or unexpired leases not previously assumed or listed in Exhibit E to the Disclosure Statement as of the Effective Date. A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan. Claims arising from the rejection of an executory contract or unexpired lease under this section are general unsecured claims in Class 6, except to the extent this court orders otherwise.

### Article V

### Means of Implementation

The Plan will be funded through:

A. **Available Cash.** Debtor projects $46,250.00 cash will be available on the Effective Date. This consists of $42,500.00 on hand, $2,800 in disposable income for 2 months and rent of $950.00 to be collected on the effective date.

B. **Sale of Assets.** None

C. **Future disposable income.** Debtor estimates that projected monthly disposable income available to Creditors for the 5 year period following confirmation will be $1,400.00 after all expenses, personal and related to the properties have been paid, **including the payment to the unsecured creditors, the UST fee, all mortgages, utilities and maintenance and after paying the taxes in full**. This is based on the net monthly income of $8,541.56 and expenses of $7,132.89 as set forth in Debtor's Amended Schedules I and J which have been prepared as of July 6, 2013 and are attached hereto as Exhibit A. and/or

D.    Other sources of funding, as follows:

<u>Rents, salary of debtor and part time job of joint debtor.</u>

Please see Part 3 of the Disclosure Statement for further details of these projections.

## Article VI

## Discharge and Other Effects of Confirmation

A.    <u>Discharge</u>. Upon completion of all payments under the plan, the Debtor shall receive a discharge of all pre-confirmation debts, whether or not the creditor files a proof of claim, or accepts the Plan, unless the court orders otherwise. Such discharge will not discharge Debtor from any debts that are non-dischargeable under § 523 or the obligations created by this Plan.

B.    <u>Vesting of Property</u>. On the Effective Date, all property of the estate will vest in the reorganized debtor pursuant to § 1141(b), free and clear of all claims and interests except as provided in the Plan.

C.    <u>Plan Creates New Obligations</u>. Except as otherwise stated in the Plan, the payments promised in the Plan constitute new contractual obligations that replace those obligations to creditors that existed prior to the Effective Date.

D.    <u>Creditor Action Restrained</u>. Creditors may not take any action to enforce either pre-confirmation obligations or obligations due under the plan, so long as the Debtor is not in material default under the Plan. If the Debtor is in material default under the Plan, affected creditors may: (i) take any actions permitted under non-bankruptcy law to enforce the terms of the Plan; or (ii) move to dismiss this case or to convert this case to a Chapter 7 bankruptcy case.

E.    <u>Material Default Defined</u>. If Debtor fails to make any payment required under the Plan, or to perform any other obligation required under the Plan for more than 14 days after the time specified in the Plan, the affected creditor may serve upon Debtor and Debtor's attorney (if any) a written notice of default. The Debtor is in material

default under the Plan if the Debtor fails within 21 days of the service of such notice of default, plus 3 additional days if served by mail, either: (i) to cure the default or (ii) to obtain from the Court an extension of time to cure the default or a determination that no default occurred.

F. **Retention of Jurisdiction**. This court will retain jurisdiction until all Plan payments have been made.

## Article VII

## General Provisions

A. **Definitions and Rules of Construction**. The definitions and rules of construction set forth in §§ 101 and 102 of the Bankruptcy Code shall apply when terms defined or construed in the Bankruptcy Code are used in the Plan.

B. **Effective Date of Plan**. The Effective Date of the Plan is the first of the month following the hearing at which the plan is confirmed unless a stay of the confirmation order is in effect, in which case the Effective Date will be the first business day after the date on which the stay of the confirmation order has been lifted, provided that the confirmation order has not been vacated.

C. **Cramdown**. Debtor reserves the right to seek confirmation of the Plan notwithstanding the rejection of the Plan by one or more classes of creditors, pursuant to § 1129(b) of the Bankruptcy Code.

D. **Binding Effect**. The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

E. **Captions**. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of the Plan.

F. **Controlling Effect**. Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or the FRBP), the laws of the State of California

govern the Plan and any agreements, documents, and instruments executed in connection with the Plan, except as otherwise provided in this Plan.

G. **Final Decree**. Pursuant to FRBP 3022, a Final Decree may not be entered until a bankruptcy case is fully administered. The court may, however, allow a Final Decree at an earlier date if requested in Miscellaneous Provisions (below) or for cause shown.

H. **Severability**. If any provision in the Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of the Plan.

I. **Miscellaneous**. The Debtor may file a request that the Court enter a Final Decree and Close the Case upon proof by Debtor of substantial consummation as defined in §§ 1101(2) and 350. If requested, upon motion, the Court also has discretion under § 1141(d)(5)(b) to enter a Discharge, exclusive of payments required under the terms of the Plan.

Respectfully submitted,

By: _____
Samuel Marquez
Debtor in Possession

By: _____
Lisa Christine Marquez
Additional Debtor, If Joint

By: /s/ Michael R. Totaro
Michael R. Totaro
Attorney for the Debtor

11

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

P.O. Box 789, Pacific Palisades, CA 90272. A true and correct copy of the foregoing document entitled (*specify*): Proposed Sixth Amended Ch 11 Plan will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On July 6, 2013 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:

On July 6, 2013 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Robert Kwan, 255 E. Temple St. Los Aneles, Ca 90012
Sam & Lisa Marquez 1264 West 15th ST. San Pedro, CA 90731
Securities and Exchange Commission, Attn. Bankruptcy Counsel, 5670 Wilshire Blvd. 11th Fl., Los Angeles, CA 90036

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 6, 2013 | Michael R. Totaro | /s/ Michael R. Totaro |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

Ecf Service List:
- Vivian Bodey    vivian.bodey@irscounsel.treas.gov
- Paul H Kim    Pkim@counsel.lacounty.gov
- Alvin Mar    alvin.mar@usdoj.gov
- Marisol A Nagata    cdcaecf@bdfgroup.com
- Michael R Totaro    tsecfpacer@aol.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Darlene C Vigil    cdcaecf@bdfgroup.com
- Edward T Weber    bknotice@rcolegal.com